[File No. 81.]

STATE OF NORTH DAKOTA, Respondent, v. O. B. UKKELBERG and Byron Krantz, Appellants.

(239 N. W. 168.)

Opinion filed November 20, 1931.

*E. R. Sinkler & G. O. Brekke,* for appellants.

*James E. Morris,* Attorney General, and *Paul Campbell,* State's Attorney, for respondent.

Burr, J. In the county court of Ward county with increased jurisdiction the defendants were charged with the crime of operating a public dance on August 21, 1930 without obtaining a permit from the board of supervisors of Denmark township, Ward county. The case was tried to the court upon a stipulation of facts and the court found the defendant guilty as charged. The defendants moved for a new trial on the ground "that the evidence is insufficient to justify the verdict and judgment of the court and that the verdict and judgment of the court is contrary to the law of the case." This motion was denied and defendants appealed from the judgment of conviction and from the order denying the motion for a new trial.

The defendants, in the spring of 1930, built a dance pavilion "within the meandering line of the high-water mark of the upper Des Lacs Lake, a navigable body of water in this state," and within the territory of Denmark township.

The stipulation shows controlling facts as follows:

On August 21, 1930, a dance was held in this pavilion conducted ostensibly by the Kenmare baseball club who leased the pavilion from the defendants under an arrangement whereby the defendants were to receive ninety per cent of the gross income and pay all expenses in connection with the dance. The defendants arranged for the music, and paid all the bills incident to the conducting of the dance. Invitations were printed and issued in the name of the baseball club but the cost thereof was paid by the defendants. Any one "not intoxicated or of ill repute could procure an invitation to the said dance, and any one entering the said dance was obliged to present the said invitation and was required to pay an admission fee of $1, and that the sale of the tickets was conducted by the said Kenmare Baseball Club, and

that the said defendants had a representative at the door in connection with the sale and collection of said tickets." The baseball club distributed some of the bills, and received ten per cent of the gross proceeds. The defendants were interested the same way in dances given on August 7, August 14, August 28, September 4, September 11 and September 18, by organizations such as the baseball club, American Legion, Kenmare fire department, Danish Brotherhood, etc., and on the 17th day of July the defendants conducted a dance in the said pavilion under their own name and kept all the proceeds.

Apparently many of the electors of Denmark township were opposed to the granting of a dance permit to these defendants and the Board of Supervisors determined to ascertain the desires of the voters of the township at a special election to be held for that purpose on July 14, 1930, in the meantime granting a temporary permit "until such date of special election." This temporary permit was approved by the State's Attorney. At the election the vote was decidedly unfavorable to the granting of the permit. This special meeting on the 14th of July, 1930 was held "for the purpose of considering or rejecting an application for a dance permit to run dances at the Lake Shore Pavilion in Denmark township." The town board rejected the application for the dance permit and ordered the clerk to serve copy of the resolutions and notice upon the defendants; and no other permit was ever granted to defendants by the township authorities.

July 14, 1930 the defendants secured from the Attorney General of this State a license as provided for in Section 548a1 of the Supp. permitting a dance hall to be conducted within this state, which license was in full force and effect in August of that year.

Appellants say the board of supervisors of Denmark township has no jurisdiction over this dance hall because, though it is situated in Denmark township, nevertheless it is built out on the navigable waters of this state and the state alone has jurisdiction over such waters. There is no merit in this contention. It is stipulated the dance hall is situated in Denmark township and the legislature in chapter 128 of the Session Laws of 1925, being §§ 3163a1 to 3163a10 of the Supp. has given to the governing body of an organized township the right to issue or refuse to issue permits for public dances. The law says (§ 3163a3) "such permits may be issued for one or more public dances,

or for a public dancing place for a period of not more than six months at any one time." The sovereign power having jurisdiction is the sovereign power which authorizes the township board to refuse a permit.

Appellants say that because the Attorney General issued a permit under the provisions of chapter 6 of the Session Laws of 1919 as amended by chapter 84 of the Session Laws of 1921, being § 548a1 to 548a12 of the Supp., and that such license was in force and effect at the time charged, the defendants could not be guilty of any crime in conducting a dance hall. There is no merit in this contention. It is true that under the provisions of the statutes quoted a licensing department has been created under the operation of the Attorney General and that "no . . . dance hall . . . shall be opened, maintained, operated or conducted within this State unless the owner, proprietor or managing agent thereof, shall first secure a license so to do in the manner herein prescribed;" but such license does not authorize the conducting of a dance without a permit from the governing body of the municipality or organized township in which the dance hall is located. While such license authorizes a dance hall to be maintained, yet it is subject to the provisions of the statute already cited requiring a permit from the township supervisors. The license is for the maintenance and operation of the place, while the permit is to conduct dances during a specified period. A license from the Attorney General no more frees the applicants from prosecution for not securing a permit from the board of township supervisors than a license from the United States Government to sell intoxicating liquors under the old condition of affairs exempted a saloon keeper from the operation of state laws prohibiting the sale entirely. The State requires a license be issued *and* a permit be granted before a public dance may be given.

Appellants say no notice was ever given to them of any hearing to determine whether the permit granted by the township should be cancelled. There is no merit in this contention. The permit granted was merely a temporary permit until the board would hear and determine the application after ascertaining the wishes of the people of the township. It is true there is no provision for such special election as was held, nevertheless the board of supervisors merely granted a temporary permit until a certain date—the date of the special election —and was to consider the application generally thereafter. The permit

granted was merely until the date of the election—that is, the board granted a permit until July 14, 1930. Under the provisions of the statute the board had discretion to grant "a permit for one or more dances, or for a period of not more than six months at any one time." Whether we call this a temporary permit or a general permit until July 14, 1930 is immaterial. The permit expired on that date. They were not entitled to any hearing. No hearing was required. Thereafter the board of supervisors refused to grant a permit. Thus after the 14th of July, 1930, the defendants did not have a permit to conduct the dance hall.

The defendants say the evidence does not justify the judgment of the court. It is true the evidence shows the dances were conducted ostensibly by various organizations who received 10 per cent of the receipts. The defendant had complete charge of these dances, paid the expenses, arranged for the music, etc. Though the invitations were printed and issued in the name of the other organization the cost of the same was deducted from the share which went to the defendants. They were participants with others in the conducting of a dance in their own dance hall and it is conceded no permit was issued to any one for such dance. To find the defendants guilty the court must have found such arrangements to be a mere subterfuge—an attempt to evade the law. Clearly this is the situation, and the other dances mentioned in the stipulation add force to this view. Because they termed the arrangement a "lease" and the share of proceeds "rent" does not constitute the relationship one of landlord and tenant. Section 3163a2 of Supp. says:

"It shall be unlawful for any person, firm, association or corporation to give, hold or conduct a public dance unless the owner or proprietor of the place where the dance is given, or the person, firm, association or corporation giving the same or *in charge thereof,* shall first have procured a permit to give, hold and conduct such public dance as hereinafter provided."

Certainly the defendants were conducting or assisting in conducting a dance and were "in charge thereof" even if connected with others. The defendants can not escape liability merely because a voluntary organization loans its name and gives services in the promotion of the

584

dance. They are engaged in a joint enterprise, and each is a principal, for no one had a license.

The defendants say the trial court made no findings of fact or conclusions of law in the trial of this case. No findings are required. The case is tried to the county court with increased jurisdiction. Under the provisions of § 8966 of the Comp. Laws defendant may waive a jury and permit the case to be tried to the court. Chap. 9 of the Probate Code, being §§ 8929 to 8975 of the Comp. Laws, prescribe the procedure for the trial of cases in a county court with increased jurisdiction. Findings of fact in a criminal case tried to the court are not required. In addition, while this point is mentioned by the defendants on the appeal, no argument is made thereon in the presentation of this appeal.

The judgment of the lower court is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BIRDZELL and BURKE, JJ., concur.